UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAA'IYAH NA'IM, </br></br>　　Plaintiff, </br></br>　v. </br></br>SOPHIE'S ARMS FINE RESIDENCES, LLC; IRVING W. BOOKSPAN, individually, and as TRUSTEE OF TRUST A OF THE HENRY AND SOPHIE BOOKSPAN FAMILY TRUST UDT JANUARY 12, 1998, </br></br>　　Defendants. | No. 3:13-CV-02515-JAH-BLM </br></br> ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION </br>_____ </br></br> Judge:　John A. Houston </br> Ctrm:　13B |

　　The motion of plaintiff Daa'iyah Na'im came on regularly for hearing on November 15, 2013, at 2 p.m., in Courtroom 13B before the Honorable John A. Houston. Stuart E. Fagan of the Law Offices of Stuart E. Fagan appeared on behalf of plaintiff Daa'iyah Na'im, who was present in court. Jeffrey R. Patterson of Allen Matkins Leck Gamble Mallory & Natsis LLP appeared on behalf of defendants Sophie's Arms Fine Residences, LLC, Irving W. Bookspan, individually, and as Trustee of Trust A of the Henry and Sophie bookspan Family Trust UDT January 12, 1998. Irving W.

Bookspan was present in court.

Plaintiff Daa'iyah Na'im seeks to enjoin defendants Sophie's Arms Fine Residences, LLC; Irving W. Bookspan, individually, and as Trustee of Trust A of the Henry and Sophie Bookspan Family Trust Udt January 12, 1998 (collectively, "Defendants"), from evicting or attempting to evict plaintiff and her two-year old niece from Ms. Na'im's apartment at 470 20th Street, in San Diego, California, that she leases from defendant Sophie's Arms Fine Residences, LLC.  Previously, on November 2, 2013, this Court entered a temporary restraining order, and set a hearing for the motion for preliminary injunction for November 15, 2013. [Doc. No. 6.]

Defendants contend that the Anti-Injunction Act, 28 U.S.C. §2283, precludes this Court from enjoining Defendants from commencing state proceedings to evict Plaintiff. Defendants' contention is without merit.  "Federal Courts have quite consistently held the [Anti-Injunction] Act does not preclude a federal court from enjoining parties from commencing state proceedings which have not already been begun at the time the injunction is issued." *Roth v. Bank of Commonwealth,* 583 F. 2d 527, 531-32 (6th Cir. 1978) (collecting cases).  Defendants had not commenced state proceedings prior to the Court's issuance of the temporary restraining order on November 1, 2013.  Indeed, defendants openly declared in their opposition to the motion that they "have made no efforts to evict Plaintiff."[1]  Consequently, the Anti-Injunction Act does not preclude this Court from enjoining defendants from commencing state proceedings, for they had not begun any state proceedings prior to the issuance of the temporary restraining order.

In order for the Court to issue a preliminary injunction, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. [Citations.]" *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 21; 129 S.Ct. 365

---

[1] Opposition at p. 1.

(2008). Plaintiff has met her burden.

### A. Likely Success on the Merits

Plaintiff has established that she is likely to succeed on the merits. "[T]he Fair Housing Act broadly prohibits discrimination against families with children in connection with the . . . rental of housing." *Balvage v. Ryderwood Improvement*, 642 F.3d 765, 769 (9th Cir. 2011). Herein, Plaintiff has presented evidence that Defendants are attempting to evict her because she took emergency guardianship of her two-year old niece. The record indicates that Plaintiff notified Defendants of the emergency guardianship on the day that she took physical custody of the child, and Defendants thereafter began taking steps to evict her.[2] There is a serious question regarding the Defendants' conduct in this case. As such, Plaintiff has shown that she is likely to succeed on the merits of her claims for violations of 42 U.S.C. §3604(a)[3], §3604(b), and §3604(c).

### B. Likely to Suffer Irreparable Harm

Next, Plaintiff has established that she is likely to suffer irreparable harm in the absence of preliminary relief. The federal Fair Housing Act provides for injunctive relief.[4]

---

[2] Decl. of Daa'iyah Na'im at ¶¶6-14.

[3] Hereinafter, unless otherwise noted, all references are to 42 U.S.C. §3601 *et seq*.

[4] The court in a §3613 action may grant "any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in [a discriminatory housing] practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. §3613(c)(1). The statute provides that such equitable relief may be granted "as the court deems appropriate," thereby confirming that equitable relief under §3613 is a matter committed to the sound discretion of the court. *Id.*

A showing of a substantial likelihood that a defendant has violated the federal Fair Housing Act is sufficient, by itself, to create a presumption of irreparable harm. *Silver Sage Partners v. City*, 251 F.3d 814, 827 (9th Cir. 2001) ("irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes"). Moreover, plaintiffs, such as Ms Na'im, are "likely to suffer irreparable harm absent preliminary relief because they face[] eviction from their rental unit[]." *Park Village Apartment Tenants Association v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2010). As a result, the Court finds that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. Defendants' offer to rescind the three Ten Day Notices to Perform Covenant or Quit that they had served upon Plaintiff simply is insufficient to protect Plaintiff from suffering irreparable harm in the absence of preliminary relief.

### C. Balance of Equities

The balance of equities tips sharply in Plaintiff's favor. *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002); *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998). If a preliminary injunction is not issued, then Plaintiff will face the threat of eviction and the prospect of homelessness. Simply put, the threatened injury to Plaintiff far outweighs any potential harm to Defendants. Indeed, Plaintiff's credit union already has electronically paid her rent for November, as such, a restriction on Defendant's ability to re-lease these premises until this Court can make a determination of the action on the merits is at most a nominal hardship, if a hardship at all. In light of the fact that Plaintiff is current on her rent, and has assured the Court that she intends to continue paying rent, the Court finds no need for a bond to be issued.

**D.     In the Public Interest**

Finally, Plaintiff has met her burden of establishing that the preliminary injunction is in the public interest, for the public interest has been authoritatively declared by Congress in its enactment of 42 U.S.C. §3601 *et seq.*[5]

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for preliminary injunction is hereby **GRANTED**. Defendants, their officers, agents, employees, successors, and all those in active concert or participation with them, are enjoined from evicting or attempting to evict plaintiff Daa'iyah Na'im and/or her niece from her apartment located at 470 20th Street, San Diego, California, during the pendency of this action;

2. Plaintiff shall not be required to post a bond upon the issuance of this Preliminary Injunction.

The Court reserves jurisdiction to modify this preliminary injunction as the ends of justice may require.

Dated: November 18, 2013

JOHN A. HOUSTON
United States District Judge

---

[5] Indeed, the Fair Housing Act permits the Attorney General to "vindicate the public interest" while simultaneously allowing private persons to enforce the Fair Housing Act.  §§3613 and 3614(d)(1)(c).

5