Greg A. Garbacz, Bar No. 167007
Floyd A. Brown, Bar No. 288964
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California  92101
(619) 239-8131/FAX (619) 238-8707
fbrown@klinedinstlaw.com

Attorneys for Defendants
Irving W. Bookspan, individually, and
as Trustee of Trust A of the Henry and
Sophie Bookspan Family Trust UDT
January 12, 1998

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAA'IYAH NA'IM,<br><br>    Plaintiff,<br><br>    v.<br><br>SOPHIE'S ARMS FINE RESIDENCES, LLC; IRVING W. BOOKSPAN, individually, and as TRUSTEE OF TRUST A OF THE HENRY AND SOPHIE BOOKSPAN FAMILY TRUST UDT JANUARY 12, 1998,<br><br>    Defendants. | Case No.   13-cv-02515-JAH-BLM<br><br>**DEFENDANTS' REPLY BRIEF REGARDING PLAINTIFF'S RESPONSE RE MOTION FOR RECONSIDERATION**<br><br>Courtroom:       13B<br>Judge:              Hon. John A. Houston<br>Magistrate Judge: Hon. Barbara L. Major<br>Complaint Filed: October 18, 2013<br>Trial Date:         None set |

## I.

## SUMMARY OF RESPONSIVE ARGUMENT

Plaintiff's Response is nothing more than a distraction.  Plaintiff has raised numerous arguments, including the rights and obligations between Farmers Insurance and its insureds (Defendants), none of which is before the Court.  The distraction should be ignored.

The simple question raised is whether an adult guardian of a minor child, who has sued for (alleged) familial discrimination against herself and the child, should be allowed to settle a case for $151,000 directed solely to the guardian,

1  while a motion to add the minor child as a necessary party is pending, but
2  undecided.  Plaintiff identifies no legal holding that ratifies such an occurrence.
3       ***Yet there is a federal rule directly on point***, which provides that the court
4  has a mandatory duty to protect the interests of an unrepresented child.  True – the
5  child is not yet a party to this litigation.  However, the child's interests are clearly
6  implicated and raised by the pending motion to add the minor as a necessary party.
7  Further, defendants' interests are clearly implicated by Farmers' and Plaintiff's
8  attempts to "settle around" the minor, to the advantage of the adult custodian, with
9  no allocation of settlement monies being made for the minor child and no
10 protections provided for court approval of the settlement.
11      Most important, Plaintiff, an adult non-relative custodian/guardian of the
12 minor, argues (against the minor's interest) that the minor child has no interest in
13 the adult's settlement proceeds.  Yet Plaintiff fails to disclose to the court that she
14 ***has already negotiated on the minor's behalf***, but then chosen to exclude the
15 unrepresented minor from participation in the settlement.  Such circumstances
16 should raise grave concerns as to exactly what is actually occurring here, and
17 certainly warrant minimal scrutiny into the terms and conditions of the settlement
18 and whether the minor child should be added as a necessary party with separate
19 representation concerning these settlement proceedings.

## II.

## REPLY POINTS AND AUTHORITIES

**A. DEFENDANTS' AND FARMER'S INSURANCE RIGHTS AND RELATIONSHIP ARE *NOT* BEFORE THE COURT.**

24      To distract from the real issues, Plaintiff spends a considerable amount of
25 her response arguing – apparently as a surrogate for Farmers Insurance – that
26 Defendants have no rights to participate in or to control a settlement of a lawsuit in
27 which they are the parties being sued.  While this scenario certainly raises
28 interesting legal and factual issues, none of them are before this Court.

1  Farmers Insurance is not a party to this litigation, nor does it have counsel
2  representing it in this lawsuit, nor is it participating in the instant motion.  Thus,
3  whatever insurance disputes exist between Farmers and Defendants, such claims
4  are not properly raised or addressed in this litigation.  The Court should decline
5  Plaintiff's invitation to decide insurance issues and claims that have not been
6  briefed and are not at issue.

7  **B.    THE MERITS OF THE JOINDER MOTION IS ALSO NOT THE**
8  **ISSUE BEFORE THE COURT.**

9  Plaintiff also attempts to make arguments concerning the substance of the
10 pending, but still undecided, motion to join the minor as a necessary party.
11 However, the issue *currently* before the Court is not whether the minor is a
12 necessary party and should be joined, but rather the circumstances of the settlement
13 and the propriety of dismissing the claim while a motion to add a necessary party is
14 pending.

15 More specifically, what *is* before the Court is whether the Court should
16 dismiss a case, filed by an adult guardian of a minor child based upon alleged
17 housing discrimination against the adult and minor, where the child is not a party,
18 and the adult custodian is accepting substantial settlement monies on her own
19 behalf while deliberately excluding the child from participation in the settlement.

20 Plaintiff has identified no legal authority that would allow the Court to
21 dismiss a case under such inequitable circumstances.

22 **C.    THIS COURT HAS A SPECIAL DUTY TO PROTECT THE**
23 **INTERESTS OF MINOR CHILDREN AFFECTED BY LITIGATION.**

24 Plaintiff has failed to address the controlling Federal Rule of Civil Procedure.
25 Civil Rule 17(c)(2) provides that: "The court <u>must</u> appoint a guardian ad litem or
26 issue another appropriate order to protect a minor or incompetent person who is
27 unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (<u>emphasis</u> added). *See also*
28 *Robidoux v. Rosengren* (9th Cir. 2011) 638 F.3d 1177, 1182; <u>*Salmeron v. United*</u>

1  *States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must
2  independently investigate and evaluate any compromise or settlement of a minor's
3  claims to assure itself that the minor's interests are protected, even if the settlement
4  has been recommended or negotiated by the minor's parent or guardian ad litem").
5  A court may sua sponte appoint a guardian ad litem to act on behalf of the affected
6  minor. *Wenger v. Canastota Central School Dist.* (2nd Cir. 1998) 146 F.3d 123,
7  125, n.1.

8   Defendants' pending motion to add the child as a necessary party in the
9  litigation necessarily implicates *the minor child's* interest in this litigation. Yet
10 while that motion is pending, and undecided, the adult guardian of the child has
11 accepted a $151,000 settlement, **with no settlement monies allocated to the child**,
12 no disclosures to the court about the negotiations or terms and conditions of the
13 settlement, and no procedure to assure that the dependent child's interests are
14 protected.

15  Equally important, the dismissal of the litigation, while the motion to add the
16 minor child as a necessary party is pending, clearly implicates the *Defendants'*
17 interests. Plaintiff herself admits that a party is necessary if it "will leave an
18 existing party subject to multiple, inconsistent legal obligations with respect to that
19 interest." (Plaintiff's Response, at p. 5, *citing White* (9th Cir. 8-27-2014) Case No.
20 12-17489, *29  and *Confederated Tribes of Chehalis Indian Reservation v. Lujan*
21 (9th Cir. 1991) 928 F.2d 1496, 1498). Here, the fact that Farmer's and Plaintiff
22 have ***chosen*** strategically to settle around the child, while the motion to add the
23 child as a party is pending, is clearly harmful to the Defendants in that it exposes
24 them to future claims by the minor and duplicative litigation and expense in a
25 future case where there may be no coverage. Thus, applying the standard
26 identified by the Plaintiff, the minor *is* a necessary party to the litigation.
27 ///
28 ///

### D. PLAINTIFF'S' STATEMENT THAT THE CHILD HAS NO INTEREST IS BELIED BY PLAINTIFF'S ACTIONS.

Plaintiff and her counsel have previously *negotiated* with Farmers Insurance concerning the allocation of settlement monies for the child. (*See* Exhibits A-C.) They did this: (a) while the Plaintiff's interests were adverse to the child's interests – *they were both competing for a limited amount of funds*; (b) while the motion to add the minor as a necessary party was pending; and (c) with knowledge that she was unrepresented by counsel in the litigation and settlement negotiation.

Yet, despite this fact, Plaintiff now argues to the Court that the minor child has no interest and that her interest will be unaffected by her adult custodian's settlement and/or the dismissal of a housing discrimination lawsuit -- a lawsuit that was *predicated upon (alleged) discriminatory housing acts against the child*

Plaintiff's legal position is unsupportable. Worse, Plaintiff's lack of candor and transparency on the circumstances, terms and conditions of the settlement is troubling.

*Respectfully submitted,*

KLINEDINST PC

DATED: July 23, 2015   By: /s/ Greg A. Garbacz
Greg A. Garbacz
Floyd A. Brown
Attorneys for Defendants
Irving W. Bookspan, individually, and as Trustee of Trust A of the Henry, and Sophie Bookspan Family Trust UDT January 12, 1998