UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAA'IYAH NA'IM,<br><br>            Plaintiff,<br>v.<br><br>SOPHIE'S ARMS FINE RESIDENCES, *et al.*,<br><br>            Defendants. | Civil No. 13cv2515 JAH (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DOC. # 79]** |

On September 16, 2014, defendant Irving W. Bookspan ("defendant") filed a motion for joinder of a necessary party. *See* Doc. # 54. After the motion was fully briefed, this Court took the motion under submission without oral argument. *See* Doc. # 68. However, prior to the Court's issuance of a ruling on that motion, plaintiff filed a notice of settlement and an *ex parte* motion to dismiss. *See* Docs. # 71, 76. This Court thereafter dismissed the action on May 26, 2015. Doc. # 78. On that same day, defendant filed a document entitled "Defendant's Response re Plaintiff's Motion to Dismiss and Court Order Dated May 5, 2015 Requesting Joint Filing/Motion re Dismissal,"[1] which this Court construed as a motion for reconsideration of this Court's order dismissing the complaint upon plaintiff's *ex parte* motion. *See* Docs. # 79, 80. Therefore, this Court directed plaintiff to file a response to defendant's

---

[1] The order dated May 5, 2015 was an order issued by the Honorable Barbara L. Major confirming the settlement and setting a deadline to file a joint motion for dismissal. *See* Doc. # 72.

motion for reconsideration. Doc. # 80. On July 17, 2015, plaintiff filed her response and, on July 23, 2015, defendant filed a reply thereto. Docs. # 81, 82.

Defendant, in his motion, takes issue with the fact that this Court dismissed the instant lawsuit on the *ex parte* motion by plaintiff after a settlement with defendant's insurer was finalized. *See* Doc. # 79 at 1-3. Specifically, defendant contends that this Court should have ruled upon, and granted, defendant's then-pending motion to join an absentee party, that is, the minor child who was involved in this discrimination lawsuit. *See* id. Plaintiff, in response, contends that the minor child was not a necessary party and, thus, this Court need not have ruled upon the motion prior to dismissing the instant lawsuit. Doc. # 81 at 4-7. In addition, plaintiff contends the insurer and plaintiff were well within their rights to settle the pending lawsuit over the objection of defendant. Id. at 8 (citing Swanson v. State Farm Gen. Ins. Co., 219 Cal.App.4th 1153, 1162 (2013); Seltzer v. Barnes, 182 Cal.App.4th 953, 966-67 (2010); New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron, 99 Cal.App.4th 799, 802 (2002)). In reply, defendant contends that the issue raised here is not whether the settlement and ultimate dismissal was properly entered nor whether the motion for joinder had merit. Doc. # 82 at 2-3. Instead, defendant contends the issue is whether the Court erred in not ruling on the motion for joinder prior to the dismissal. Id. at 3-5. In addition, defendant argues that the Court is obligated to investigate and evaluate any compromise or settlement of a minor's claims, including appointment of a *guardian ad litem*. Id. at 3-4 (citing Fed.R.Civ.P. 17(c)(2); Robidoux v. Rosengren, 638 F.3d 1177, 1182 (9th Cir. 2011); Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983); Wenger v. Canastota Central School District, 146 F.3d 123, 125 n.1 (2nd Cir. 1998)).

Under the Federal Rules of Civil Procedure, a court may, upon motion, relieve a party from final judgment or order for: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged. . .; or (6) any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). A motion for reconsideration "should not be granted, absent highly

unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Here, defendant contends clear error was committed because this Court failed to investigate and evaluate the minor child's interest in this litigation. *See* Docs. # 79, 82. This Court finds no clear error was committed here. The minor child is not a party to this lawsuit and, even though there was a motion pending to determine whether the minor child should be added as a necessary party, that issue is still undecided. This Court notes defendant cites no authority to support his argument that such motion must be decided prior to dismissing a action after a settlement was reached. This Court is, instead, persuaded by the case authority cited by plaintiff in which courts have found plaintiffs and insurers may properly settle an action over the defendant's objection. *See* Doc. # 81 at 8 (citing Swanson, 219 Cal.App.4th at 1162; Seltzer, 182 Cal.App.4th at 966-67; New Plumbing Contractors, Inc., 99 Cal.App.4th at 802). Thus, this Court finds no clear error occurred here.

Accordingly, IT IS HEREBY ORDERED that defendant's motion for reconsideration [doc. # 79] is **DENIED**.

Dated:      November 19, 2015

_____
JOHN A. HOUSTON
United States District Judge

3